**Scott W. CAMPBELL, Plaintiff—Appellant,**

v.

**Edward S. ALAMEIDA, Jr., individually and as Director of California Department of Corrections; et al., Defendants—Appellees.**

No. 06–17023.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

Scott W. Campbell, Soledad, CA, pro se.

Jennifer J. Nygaard, DAG, California Department of Justice, San Francisco, CA, for Defendants–Appellees.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Scott W. Campbell, a California state prisoner, appeals pro se from the district court's summary judgment for prison officials in his 42 U.S.C. § 1983 action alleging violations of his rights under the Equal Protection Clause, the Free Exercise Clause, and the Religious Land Use and Institutionalized Persons Act (RLUIPA), when he was refused permission to possess

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

religious oil in his jail cell because he was not a Muslim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Shakur v. Schriro,* 514 F.3d 878, 883 (9th Cir.2008), and we affirm.

■ The district court properly determined that defendants were entitled to qualified immunity from Campbell's Free Exercise and RLUIPA claims for damages, because defendants' conduct did not violate clearly established law. *See Levine v. City of Alameda,* 525 F.3d 903, 906 (9th Cir.2008) ("Under the defense of qualified immunity, a government official is immune from civil damages unless his conduct violates a clearly established right of which a reasonable person would have known"); *see also Shakur,* 514 F.3d at 884–85 (clarifying that sincerity of prisoner's religious beliefs, not objective doctrinal centrality of beliefs, determines whether Free Exercise Clause applies).

■ The district court properly granted summary judgment to defendants on Campbell's Equal Protection claim because Campbell did not present evidence indicating that he was similarly situated to inmates who were permitted to possess religious oil. *See Gerber v. Hickman,* 291 F.3d 617, 623 (9th Cir.2002) (en banc) (holding that Equal Protection claim by prisoner lacked merit where prisoner not similarly situated to others who were permitted to engage in relevant conduct).

Campbell's remaining contentions are unpersuasive.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.